# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 CR 1199 | **DATE** | 2/24/2004 |
| **CASE TITLE** | USA vs. Ronald Borchert | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached Memorandum Opinion, defendant Ronald Borchert's motion for amendment of detention order is denied. The defendant is to remain in custody until further order of the Court. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 25 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | 26 |
| | Copy to judge/magistrate judge. | | | |
| | MW | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03 CR 1199 |
| | ) | |
| Ronald Borchert | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Ronald Borchert's ("Borchert") motion for amendment of detention order. Borchert was arrested and charged with a violation of 18 U.S.C. § 2423(b) (travel with intent to engage in illicitly sexual conduct). Borchert had his initial appearance before Magistrate Judge Denlow and Judge Denlow conducted a detention hearing. Judge Denlow concluded that Borchert had not overcome the rebuttable presumption under 18 U.S.C. § 3142(e) that no condition or combination of conditions would reasonably assure the safety of the community if Borchert was released. On January 12, 2004 Borchert filed a motion to reopen the detention hearing and after oral arguments Judge Denlow denied the motion. Borchert argues that this court is required to conduct a detention hearing *de novo* and make its own findings citing *United States v. Torres*, 929 F.2d 291 (7th Cir. 1991). First of all, we note that Borchert fails to include a page number in his citation indicating where in the case

1



the court mandates a *de novo* detention hearing. Borchert merely contends that *Torres* "made it clear" that a district court must hold a detention hearing *de novo*. Borchert's interpretation of *Torres* is incorrect. In *Torres* the court stated that "[a]lthough § 3145(a)(1) speaks of 'review' by the district judge, the court may start from scratch . . . [and that a] district judge who elects to do this, however, must follow the same procedures that apply to the taking of evidence before the magistrate judge." *Id.* at 292. There is no mandate in *Torres* for a *de novo* detention hearing before the district court judge after a detention hearing before a magistrate judge as Borchert contends.

      A detention order may be reviewed pursuant to 18 U.S.C. § 3145(b) which provides:

> **(b) Review of a detention order.**--If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

We have elected not to start from scratch and have reviewed the transcripts of the hearings before Judge Denlow, the parties' briefs, and other materials. Given the extremely serious nature of the crime, information regarding a sixteen year old girl from Canada that Borchert was associated with, the alleged conduct by Borchert, including his attempts to contact a minor over the internet and meet with a minor to engage in sexual acts, the evidence against Borchert, the lack of a proper custodian, and other factors considered by Judge Denlow we find that his determination was appropriate. Therefore, we deny the motion to amend the magistrate's order of detention in this action.

                                                              _____
                                                              Samuel Der-Yeghiayan
                                                              United States District Court Judge

Dated:    February 24, 2004