Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 CR 1199 | **DATE** | 10/6/2004 |
| **CASE TITLE** | USA vs. Ronald Borchert | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, defendant's motion to dismiss Counts I and II of the indictment is denied. Change of plea set for 10/13/04 at 10:30 a.m. The Government's request to exclude time in the interest of justice, through and including 10/13/04, is granted without objection pursuant to 18 U.S.C. 3161(h)(8)(A)(B). Defendant is to remain in custody until further order of the Court. (X-T)

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | |
|---|---|
| No notices required, advised in open court. | |
| No notices required. | number of notices |
| Notices mailed by judge's staff. | OCT 0 7 2004 date docketed |
| Notified counsel by telephone. | |
| ✓ Docketing to mail notices. | |
| Mail AO 450 form. | docketing deputy initials |
| Copy to judge/magistrate judge. | |
| MW courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office — mailing deputy initials |

Document Number: 66

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 03 CR 1199 ) |
| RONALD BORCHERT, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant's motion to dismiss Counts I and II of the indictment. For the reasons stated below, we deny Defendant's motion to dismiss.

## BACKGROUND

Defendant is charged by indictment of attempting to entice a minor in violation of 18 U.S.C. § 2422(b), and interstate travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b). The government alleges that Defendant engaged in communications via the internet with an individual that the Defendant believed to be a 15 year old female minor named "Melanie." The

1

60

government also alleges that Defendant eventually traveled across state lines in order to meet "Melanie" and engage in illicit sexual conduct with her. The individual that Defendant believed to be "Melanie," a 15 year old female minor, that the Defendant had been communicating with was actually an adult government agent.

Defendant sought a series of continuances in this action, and at each hearing informed the court that Defendant was anticipating the filing of a motion to dismiss. We granted Defendant's request for an extension of the deadline for the filing of a motion to dismiss from February 5, 2004, to March 4, 2004, to May 24, 2004, and finally to July 7, 2004. On September 8, 2004, Defendant noticed up the instant motion to dismiss, but failed to file the motion with the Clerk of Court. We ordered Defendant to properly file the motion with the Clerk of Court and gave deadlines for answer and reply briefs. Defendants motion consists mainly of vague conclusory statements. We therefore ordered Defendant to prepare a memorandum in support of its motion to dismiss. On September 15, 2004, the court chambers received a letter from Defendant's counsel seeking an extension, despite the fact that the memorandum had been due two days earlier. Although such a communication was improper, we granted the motion in light of the fact that the case was scheduled for a possible change of plea on October 6, 2004. Defendant's counsel is warned that any future failure to comply with the court's deadlines or improper communications with court chambers may result in sanctions. Defendant's motion to dismiss challenges the sufficiency of both Counts in the complaint. The government has filed an answer

to the instant motion. Defendant was given an opportunity to reply but did not do so.

## LEGAL STANDARD

In reviewing the sufficiency of an indictment a court must consider whether the indictment: "(1) states the elements of the offense charged, (2) fairly informs the defendant of the nature of the charge so that []he may prepare a defense, and (3) enables h[im] to plead an acquittal or conviction as a bar against future prosecutions for the same offense. *U.S. v. Yoon*, 128 F.3d 515, 521-22 (7$^h$ Cir. 1997); Fed. R. Crim. Pro. 7(c).

## DISCUSSION

I. New Arguments Presented in Memorandum

We first note that despite the fact that we have given Defendant every opportunity to present his arguments in support of his motion to dismiss in a timely fashion, Defendant attempted to present new arguments in his memorandum in support of his motion to dismiss. As indicated above, we granted Defendant's request for extensions of the deadline for the filing of a motion to dismiss from February 5, 2004, to March 4, 2004, to May 24, 2004, and finally to July 7, 2004. Even after the series of continuances, Defendant filed motion to dismiss that was

3

vague and contained conclusory allegations and therefore government could not properly respond to the motion. The motion provides vague one sentence statements such as that the charges "exceed[] the authority of the Government to create such . . . charge[s] under the Commerce Clause of the U.S. Constitution" and that the enhancement penalty "is inapplicable to this case." (D. Mot. 1, 2). Defendant provided no further elaboration to inform the opposing side or the court of precisely what Defendant's position was in regards to the above generalized contentions.

We gave Defendant an opportunity to file a memorandum in support of his motion to dismiss to remedy the deficiencies in his motion and to clarify and elaborate the arguments presented in his motion. Defendant now attempts to introduce new arguments in his memorandum in support of his motion to dismiss. The filing deadline for the motion to dismiss has long since passed. As the court made clear at the status hearing on September 15, 2004, Defendant was solely given leave to file a memorandum in support of his motion to dismiss (a memorandum that should have accompanied his motion on September 15) in order to give Defendant an opportunity to remedy the deficiencies in his motion and allow the government to respond to his positions. Therefore, we shall strike as untimely all arguments included in Defendant's memorandum in support of the motion to dismiss that were not included in the motion to dismiss. Defendant had ample opportunities to present arguments to the court in a timely fashion.

Defendant argues in his memorandum that the language in 18 U.S.C. §

2422(b) stating that the phrase "to engage in prostitution or any sexual activity for which any person can be charged with is a criminal offense" is overly broad because "it would criminalize conduct that in one state would not be a crime while in another it could be criminal." (D. Mem. 5). Defendant also argues that 18 U.S.C. § 2422(b) "would make criminal activity which by the age of the putative defendant is not criminal but by the age of another does make it unlawful." (D. Mem. 5). Defendant also argues that pursuant to the enticement statute "it is impossible to communicate with any certainty with anyone under the age of 18 yrs. old or claiming to be under the age of 18 and know whether it violates a criminal statute or ordinance somewhere." (D. Mem. 5). Defendant fails to offer more than conclusory statements in support of the above three arguments and the arguments are completely without merit. Also, regardless, Defendant failed to introduce the arguments in a timely fashion and we strike all arguments included in the memorandum in support of the motion to dismiss that were not included in the motion to dismiss.

## II. Undercover Adult Agent

Defendant argues that Counts One and Two should be dismissed because "all the communications in the instant case were between the Defendant and an adult." (D. Mot. 1, 2). In regards to Count I, Defendant was only charged with attempt. He was not charged with the completed crime. To prove an element for a charge of attempt the government must only show that the defendant held the belief that the

5

element was met. *See U.S. v. Echt*, 2002 WL 188474, at *1 (N.D. Ill. 2002)(stating that "18 U.S.C. § 2422(b) makes unlawful attempts to induce those believed to be minors-even if they turn out to be of-age-into sexual activities."); *U.S. v. Miller*, 102 F.Supp.2d 946, 948 (N.D. Ill. 2000)(stating that "defendant's belief that an element is met is sufficient to meet the element if attempt is charged."). The Seventh Circuit recently addressed a charge of attempt in the context of a child pornography charge in *U.S. v. Johnson*, 376 F.3d 689, 694 (7th Cir. 2004). The court stated that the defendant was charged with "the attempt to manufacture child pornography, and, as discussed below, an attempt requires that the defendant believe that the intended performer is a minor." *Id.* The court also stated that since the defendant "did believe that [agent] was a minor, he is guilty of an attempt to manufacture child pornography." *Id.* In the instant action the government contends that it will present evidence showing that Defendant believed that he was communicating with a 15 year old female minor named "Melanie." This is sufficient for the charge of attempt in Count I.

In regards to Count II, the indictment specifically charges Defendant with traveling in interstate commerce "with the intent and for the purpose of engaging in illicit sexual conduct. . . ." The plain language of 18 U.S.C. § 2423(b) also makes it clear that a defendant does not have to engage in illicit sexual conduct with a minor in order to violate the statute. The statutory violation occurs when "[a] person . . . travels in interstate commerce . . . *for the purpose* of engaging in any illicit sexual

conduct with another person. . . ." *Id.* (emphasis added). In the instant action the government has clearly indicated that Defendant crossed state lines intending to engage in illicit sexual conduct with "Melanie." Such circumstances are sufficient for a charge under 18 U.S.C. § 2423(b).

III. Authority Under Commerce Clause

Defendant argues that Counts One and Two should be dismissed because the charges "exceed[] the authority of the Government to create such a charge under the Commerce Clause of the U.S. Constitution." (D. Mot. 1, 2). In the Commerce Clause Congress is given the power "[t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. Const. art. I, § 8, cl. 3. The Commerce Clause provides Congress with authority to regulate "three broad categories of activity": 1) "the use of the channels of interstate commerce," 2) "the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities, " and 3) those activities having a substantial relation to interstate commerce, . . . *i.e.,* those activities that substantially affect interstate commerce. . . ." *U.S. v. Lopez*, 514 U.S. 549, 558-59 (1995).

Defendant cites *United States v. Corp.*, 236 F.3d 325, 328-29 (6th Cir. 2001) to support its position that the charges in the instant action exceed the authority provided by the Commerce Clause. Defendant's reliance on *Corp.* is misplaced.

7

First of all the case is from another circuit and therefore is merely persuasive authority ratter than controlling authority. Secondly, in *Corp.* the court merely held that the violation for possession of child pornography exceeded the authority of the Commerce Clause under the third category of activity delineated in *Lopez*. *Id.* at 327-28 (stating that the defendant "moved to dismiss the indictment, arguing that the origin of the photographic paper outside the state of Michigan was an insufficient nexus with interstate commerce based upon *United States v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995)" and stating that the act in question "fell under the third of" the *Lopez* categories)). Defendant fails to address whether or not 18 U.S.C. § 2422(b) and 18 U.S.C. § 2423(b) are valid exercises of the authority conferred by the Commerce Clause in regards to the first and second categories of activity.

Under the first category of activity delineated in *Lopez* the court can protect the use of channels of interstate commerce "from immoral or injurious uses, and may forbid or punish the use of the channels to promote dishonesty or the spread of evil or harm across state lines." *U.S. v. Schaffner,* 258 F.3d 675, 679-80 (7th Cir. 2001). The offense specified in 18 U.S.C. § 2423(b) seeks to prevent persons from traveling in interstate commerce across state lines to engage in criminal sexual conduct. Such conduct clearly falls within the first category of activity. We also note that other Circuits have rejected challenges to 18 U.S.C. § 2423(b) based on the Commerce Clause. *See U.S. v. Bredimus,* 352 F.3d 200, 206 (5th Cir. 2003)(providing

compilation of unsuccessful Commerce Clause challenges in various Circuits).

In regards to 18 U.S.C. § 2422(b), the statute prohibits the use of channels of interstate commerce persuasion, enticement, or coercion of a minor to engage in unlawful sexual activity. Such activity is clearly the type of immoral and harmful activity delineated in the first category in *Lopez*. Defendant utilized the internet to make interstate communications. *See U.S. v. Richeson*, 338 F.3d 653, 660 (7th Cir. 2003)(stating that a telephone is an instrument of interstate commerce); *U.S. v. Tykarsky*, 2004 WL 1813206, at *2 (E.D. Pa. 2004)(stating that "[t]elephone networks and the Internet are undoubtedly 'facilities of interstate commerce' [and that] [u]sing a computer connected to the Internet equates to 'the use of a facility or means of interstate commerce,' even though the communications in question may have actually been intrastate in character."). In the instant action the government contends that it will present evidence that Defendant used the internet to attempt to entice an individual who he believed to be a minor into illicit sexual activity.

IV. Statutory Minimum Sentence

Defendant argues that Count One that alleges a violation under 18 U.S.C. § 2422(b) should be dismissed because "[t]he enhancement penalty of a minm mum [sic] of 5 years imprisonment under this charge is applicable to this case." (Mot. 1). Defendant's only elaboration of its position is a one sentence statement in his memorandum. Defendant states in his memorandum that "there is nothing wrong

with the act which amends this section which directs the enhancement is applicable to an attempt." (D. Mem. 5). We disagree.

On April 30, 2003, 18 U.S.C. § 2422(b) was amended to include the 5 year minimum sentence. Pub.L. 109-21, § 103(b)(2)(A)(i). The attempt provision of 18 U.S.C. § 2422(b) was included in an amendment in 1998. Pub. L. 105-314, § 102(1)(A). It is also clear from a plain reading of 18 U.S.C. § 2422(b) that the mandatory minimum was intended to be applied to charges of attempt. The alleged misconduct by Defendant in the instant action, as stated in the indictment occurred in October, November, and December of 2003, which was after the inclusion of the attempt amendment in the enticement statute and after the 5 year minimum sentence amendment.

## CONCLUSION

Based on the foregoing analysis, we deny Defendant's motion to dismiss Counts I and II of the indictment.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 6, 2004